# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE L. PETTY and STEVEN L. PETTY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:12CV162 |
| JOSEPH N. CROSSWHITE, THEODORE S. ROYSTER, DONNA S. STROUD, MARTHA A. GEER, CRESSIE H. THIGPEN, JR., BARBARA JACKSON and CITY OF KANNAPOLIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on separate motions to dismiss by Defendants Joseph N. Crosswhite, Theodore S. Royster, Donna S. Stroud, Martha A. Geer, Cressie H. Thigpen, Jr. and Barbara Jackson ("State Court Defendants") (Docket Entry 11) and Defendant City of Kannapolis ("City"). (Docket Entry 18.) *Pro se* Plainitffs George L. Petty and Stephen L. Petty have responded to the motions. Also before the court is Plaintiffs' motion for summary judgment as to State Court Defendants. (Docket Entry 22.) All Defendants have responded to this motion, and all motions are thus ripe for disposition. For the reasons that follow, Defendants' motions should be granted, Plaintiff's motion should be denied, and the action should be dismissed for lack of subject-matter jurisdiction.

## I. PROCEDURAL BACKGROUND

On February 16, 2012, Plaintiffs George L. Petty and Steven L. Petty commenced this action by filing a *pro se* complaint in this court against Defendants, alleging violations of certain protections guaranteed to them by the Fifth and Fourteenth Amendments to the United States Constitution in connection with a state court proceeding related to an easement on Plaintiffs' property. (Docket Entry 1.) Plaintiffs filed an amended complaint on March 27, 2012. (Docket Entry 9.) On April 17, 2012, the State Court Defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)1) and 12(b)(6). (Docket Entry 11.) On May 10, 2012, Defendant City filed a motion to dismiss the amended complaint. (Docket Entry 18.) Plaintiffs filed responses to the motions to dismiss on May 4, 2012 and May 29, 2012. (Docket Entry 17, Docket Entry 21.) Plaintiffs filed their motion for summary judgment as to the State Court Defendants on May 30, 2012. (Docket Entry 22.) The State Court Defendants responded to the summary judgment motion on June 15, 2012 and Defendant City filed a response on June 19, 2012, in which it joined the response by the State Court Defendants. (Docket Entry 25.)

## II. FACTUAL BACKGROUND

The underlying factual allegations in the amended complaint relate solely to a dispute between Plaintiffs and the City of Kannapolis involving a "six inch concrete asbestos water main" located underneath Plaintiffs' driveway. (Am. Compl. at 6, Docket Entry 9.) In the amended complaint, Plaintiffs alleged that they requested that the City relocate or abandon the water main, but that the City refused, instead claiming an express easement for the entire subdivision. (*Id.*) On October 27, 2009, Plaintiffs filed a complaint for declaratory judgment

2

in District Court, Cabarrus County, North Carolina against Defendant City. (*Id.*) The action was transferred to Superior Court, where Defendant Crosswhite, Senior Resident Superior Court Judge, Judicial District 22A, entered an order allowing Defendant City to withdraw and re-file its motion for summary judgment over the objection of Plaintiffs. (*Id.* at 6-7.) Subsequently, on October 12, 2010, Defendant Royster, Superior Court Judge, District 22A, entered an order granting Defendant City's motion for summary judgment. Plaintiffs appealed the decision to the North Carolina Court of Appeals. (*Id.* at 7.)

By an unpublished opinion dated November 1, 2011, Defendants Stroud, Geer, and Thigpen, Judges of the North Carolina Court of Appeals, upheld the orders of the trial court. (*Id.*) Plaintiffs petitioned the North Carolina Supreme Court for discretionary review, and by order dated January 26, 2012, Defendant Jackson, North Carolina Supreme Court Justice, denied the petition. (*Id.* at 8)

Plaintiffs seek declaratory and injunctive relief, and compensatory and punitive damages. (*Id.* at 11.)

## III. DISCUSSION – Subject Matter Jurisdiction

Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because the existence of subject matter jurisdiction is a threshold issue, this court must address Defendant's 12(b)(1) motion to dismiss before addressing other grounds for dismissal or the merits of the case. Defendants argue that the relief requested by Plaintiffs amounts to an appeal of a state court judgment which runs afoul of the *Rooker-Feldman* doctrine and is not within this court's

jurisdiction. Specifically, the State Court Defendants argue that "[p]laintiffs, losers in state court proceedings, seek, in essence, an appeal of the orders and decisions entered by North Carolina's trial and appellate courts." (State Ct. Defs.' Mem. Supp. Mot. to Dismiss at 3, Docket Entry 12). Defendant City argues that Plaintiffs' attempt to manufacture federal subject matter jurisdiction by asserting federal constitutional issues is "insufficient to defeat the *Rooker-Feldman* doctrine." (Def. City Br. Supp. Mot. to Dismiss at 4, Docket Entry 19.)

Rule 12(b)(1) of the federal rules provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. *Mansfield, C & L. M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). Should a defendant challenge the existence of federal subject-matter jurisdiction, the plaintiff bears the burden of showing the jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A "court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). As the party invoking federal jurisdiction in this case, Plaintiffs have the burden of establishing the existence of subject matter jurisdiction. *Richmond*, 945 F.2d at 768. This burden, at the pleading stage, can be met by alleging sufficient facts to show that there is a proper basis for jurisdiction. Fed. R. Civ. P. 8(a)(1) (a complaint "shall contain a short and plain statement of

the grounds upon which the court's jurisdiction depends"). Nevertheless, *pro se* pleadings are treated liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007)

Plaintiffs have not met their burden of establishing that federal subject-matter jurisdiction exists. Plaintiffs assert that they are not appealing the decisions of the state courts, but rather "are seeking compensation, or . . . injunctive relief, because the Honorable Defendant Judges, in processing Plaintiff's earlier litigation, took specific, illegal, actions which violated the Plaintiffs' federal rights of due process and equal protection which resulted in an illegal transfer of Plaintiff George Petty's property to Defendant City of Kannapolis." (Pl. Reply to Mot. to Dismiss, Docket Entry 17.) This argument is without merit. A losing party in state court may not convert what is essentially an appeal of that decision into a federal claim simply by alleging that his rights under the United States Constitution have been violated by the state court judges and the proceedings over which they presided. *See, e.g., Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a party "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgments as a [civil rights] claim); *Jones v. Curran*, No. 3:11cv37, 2011 WL 4402753 at *4 (W.D.N.C. May 18, 20110) ("Although Plaintiff couches his claims in terms of conspiracy and constitutional violations, his Amended Complaint seeks appellate review of the Superior Court's refusal to enter default and grant his motion for default judgment. In short, he challenges an unfavorable state-court decision. This Court lacks subject matter jurisdiction over such claims."); *Huszar v. Zeleny*, 269 F. Supp.2d 98, 103 (E.D.N.Y. 2003) ("[T]he plaintiff cannot enter through the back door to evade the *Rooker-Feldman* doctrine to get into federal court.").

In order to grant the relief sought by Plaintiffs, this court would necessarily have to determine the state courts erred in rendering their decisions, which is prohibited under 28 U.S.C. § 1257(a)[1] and the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is derived from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying the *Rooker-Feldman* doctrine). *Rooker-Feldman*, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733; *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000).

In *Exxon*, the Supreme Court significantly narrowed the scope of the *Rooker-Feldman* doctrine, which previously had been interpreted by lower courts to mean that the loser in state court "was barred from bringing suit in federal court alleging the same claim or a claim

---

[1] The full text of 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

6

that could have been brought in the state proceedings." *Davani v. Va. Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir 2006). The Supreme Court, in *Exxon*, limited the *Rooker-Feldman* doctrine to "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284.

Post *Exxon*, the Fourth Circuit Court of Appeals has explained:

> Whereas in [cases *pre-Exxon*] we examined whether the state-court loser who files suit in federal court is attempting to litigate claims he either litigated or could have litigated before the state court, *Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply. If, on the other hand, he is challenging the state-court decision, the *Rooker-Feldman* doctrine applies. It is important to note that the *Rooker-Feldman* doctrine applies in this second situation even if the state court loser did not argue to the state court the basis of recovery that he asserts in the federal district court. A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court - asks the federal court to conduct a review of the state-court decision.

*Davani*, 434 F.3d at 718-19. (footnote and citations omitted). The phrase "inextricably intertwined," therefore,

> does not create an additional legal test for determining when claims challenging a state-court decision are barred, but merely states a conclusion: if the state court loser seeks redress in federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state court decision, and is therefore outside the jurisdiction of the federal district court.

*Id.* at 719.

The task for this court, accordingly, is to determine whether the challenged claims satisfy the four essential elements of the *Rooker-Feldman* doctrine, as explained by the Court

7

in *Exxon*: are the claims (1) brought by a state-court loser (2) complaining of injuries caused by a state-court judgment (3) rendered before the instant proceedings commenced and (4) inviting this court's review and rejection of the state court judgment. *Exxon*, 540 U.S. at 284; *see also Willner v. Frey*, 243 Fed. Appx. 744, 746 (4th Cir. 2007). To the extent that Plaintiffs seek declaratory and injunctive relief against State Court Defendants, each element is met. Likewise, the claims for relief against the City also meet the requirements for dismissal under *Rooker-Feldman*.

In their amended complaint, Plaintiffs allege that State Court Defendants took actions and issued various rulings without affording Plaintiffs notice or an opportunity to be heard, or without providing Plaintiffs a fair hearing. (*See* Am. Compl. at 9-10, Docket Entry 9.) Plaintiffs seek a "declaratory finding that Plaintiffs' constitutional rights have in fact been violated," and "injunctive relief in the form of an evidentiary hearing on the issue of whether Defendant City of Kannapolis in facts owns the claimed easement, preferably in this Honorable United States District Court, alternatively before an impartial North Carolina trial court." (Am. Compl. at 11.) Plaintiffs also seek "[a] finding that the Defendant City of Kannapolis has unlawfully attempted to deprive Plaintiffs of their property and must pay Plaintiffs $100,000 in compensatory and $150,000 in punitive damages." (*Id.* at 11-12.) It is inescapable that these requests for relief constitute requests for improper collateral review of the various state court decisions.

Plaintiffs' claims for relief, against both State Court Defendants and Defendant City clearly satisfy the first and third elements of the *Rooker-Feldman* doctrine. The claims all stem from actions which occurred in the course of state court proceedings and resulted in rulings

which were unfavorable to Plaintiffs. It is undisputed that all of these rulings were issued prior to the commencement of the instant case.

Plaintiffs' claims also satisfy the second element of the *Rooker-Feldman* doctrine: they allege injuries from a state court judgment. Plaintiffs argue that they are not complaining of the various state court orders but rather are "seeking compensation or . . . injunctive relief, because the honorable Defendant Judges, in processing Plaintiff's [sic] earlier litigation, took specific, illegal, actions which violated the Plaintiffs' federal rights of due process and equal protection which resulted in an illegal transfer of Plaintiff George Petty's property to Defendant City of Kannapolis." (Reply in Opp. to Mot. to Dismiss at 2, Docket Entry17.) This argument is without merit. If Plaintiffs are seeking declaratory relief stating that their rights were violated in the past, such relief is not available. *See Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (finding that a plaintiff who asked district court to declare that judges acted improperly in various ways when deciding a motion for change of venue was "not seeking declaratory relief in the true legal sense" because declaratory judgments are not meant to simply proclaim that one party is liable to another"); *Andrews v. Paxson*, Civil Action No. 3:11-CV-518, 2012 WL 526290, at *3 (E.D. Va. Feb. 16, 2012) (finding that plaintiff was not entitled to declaratory relief that a state court judge violated his constitutional rights through her judicial conduct because plaintiff was not seeking to define the legal rights and obligations of the parties). A reading of the allegations in the complaint clearly shows that Plaintiffs are seeking a declaration that they were injured by the various decisions of the state superior court and North Carolina Court of Appeals and North Carolina Supreme Court. In so doing, Plaintiffs clearly seek review and rejection of the

9

various state court orders and decisions. Couching their claims in due process and equal protection language (*see, e.g.*, Am. Compl. at 9-11, Docket Entry 9), does not convert Plaintiffs' action into a constitutional claim

Similarly, Plaintiffs' claim for injunctive relief, by its very language, constitutes an improper collateral attack on the state court decision. Plaintiffs request "an evidentiary hearing on the issue of whether Defendant City . . . in fact owns the claimed easement." (Am. Compl. at 11, Docket Entry 9.) The decision rendered by the state court was that Defendant City rightfully owns the claimed easement. An evidentiary hearing, as requested by Plaintiffs, is simply an attempt to get another bite at the apple, *i.e.*, a ruling that the City does not have an easement on Plaintiffs' property. An order allowing such a hearing for the stated purpose would be tantamount to appellate review of the state court orders.

Finally, Plaintiffs' claim for damages against Defendant City clearly is an improper attempt to relitigate state court issues; by its very language, the prayer for relief seeks a finding that Defendant City "unlawfully attempted to deprive Plaintiffs of their property," for which they seek compensatory and punitive damages. The state court orders are simply unreviewable pursuant to *Rooker-Feldman*.

As the Fourth Circuit recently explained in a similar case:

> [Plainitff's] complaint asks that lower federal courts in effect exercise appellate review over numerous state administrative and judicial decisions, and under our system of federalism, the lower federal courts lack jurisdiction to sit as appellate tribunals over state administrative and judicial decisionmakers, absent express statutory authorization. Parties aggrieved by state administrative and judicial decisions must pursue review in state appellate tribunals, with the ultimate opportunity to petition the Supreme Court of the United States for review.

*Rosseau v. Howard County, Md.*, 425 Fed. Appx. 193, 195 (4th Cir. 2011) (citations omitted). It is recommended, therefore, that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## IV. CONCLUSION

In sum, in the present case, Plaintiffs have brought this suit against the state court Defendants and the City, asking this court to review state court decisions and enter an order finding that the City does not have an easement on Plaintiffs' property. Under 28 U.S.C. § 1257(a) and the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review decisions and actions of state courts. Therefore, **IT IS RECOMMENDED** that Defendants' motion to dismiss based on the *Rooker-Feldman* doctrine (Docket Entries 11, 18) be **GRANTED**.[2] Should the court adopt this Recommendation, it is further **RECOMMENDED** that Plaintiffs' motion for summary judgment (Docket Entry 22) be **DISMISSED** as moot.

_____
Joe L. Webster
United States Magistrate Judge

February 28, 2013
Durham, North Carolina

---

[2] Having so recommended, the court need not reach Defendants' remaining contentions in the motions to dismiss, including Defendants' contentions that Plaintiffs' claims are barred by judicial immunity, Eleventh Amendment immunity, or failure to state a claim upon which relief may be granted.

11